MARINE MIDLAND BANK, Appellant, v.
KIMBERLY MONROE, Respondent.

No. 18439

June 28, 1988                      756 P.2d 1193

*Douglas Norberg,* Reno, for Appellant.

*Goedert & Michaels,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing appellant Marine Midland Bank's complaint against respondent Kimberly Monroe with prejudice.

Kimberly Monroe and Gifford Sheppard, as husband and wife, were joint debtors on a Visa credit card account with appellant bank. As part of a divorce decree, Sheppard was ordered to pay the community debt due on the Visa account. When Sheppard later failed to pay this debt, the bank commenced suit against Sheppard and Monroe. Monroe moved the district court to dismiss the complaint against her on the ground that the bank was collaterally estopped by the divorce decree from enforcing the debt against her. The district court agreed, and dismissed the

bank's complaint against Monroe with prejudice for failure to state a claim. *See* NRCP 12(b)(5). The bank later obtained a default judgment against Sheppard, and this appeal followed.

Appellant contends that the district court erred in concluding that a third-party creditor could be bound by a divorce decree between joint debtors where the creditor was not a party to, or in privity with any party to, the divorce proceedings. We agree.

"The doctrine of collateral estoppel operates to preclude the parties or their privies from relitigating issues previously litigated and actually determined in the prior proceeding." Landex, Inc. v. State ex rel. List, 94 Nev. 469, 476, 582 P.2d 786, 790 (1978). *See* Paradise Palms v. Paradise Homes, 89 Nev. 27, 505 P.2d 596, *cert. denied,* 414 U.S. 865 (1973). The party invoking collateral estoppel must show first that the issue was actually litigated in the first proceeding and necessarily determined, and second, that the parties in the second proceeding are the same or in privity with those in the first proceeding. *See* Brennan v. EMDE Medical Research, Inc., 652 F.Supp. 255 (D.Nev. 1986); In re Shuman, 68 Bankr. 290 (Bankr.D.Nev. 1986); State v. Kallio, 92 Nev. 665, 557 P.2d 705 (1976); Markoff v. New York Life Ins. Co., 92 Nev. 268, 549 P.2d 330 (1976).

The issues relevant to the bank's claim against Monroe based on their credit agreement were neither litigated nor determined in the divorce proceedings. Further, the bank was not a party to the divorce action, nor was it in privity with any party to the divorce action. Thus, the divorce decree could not operate to divest the bank of its right to seek to collect its debt from Monroe. Because none of the criteria for establishing a defense of collateral estoppel were satisfied, the district court erred in granting Monroe's motion to dismiss the bank's complaint for failure to state a claim.

Finally, in response to Monroe's motion to dismiss the bank's complaint, the bank moved below for sanctions pursuant to NRCP 11 in the form of attorney's fees. The district court denied the motion. The bank reasserts this claim on appeal.

The award of attorney's fees to the prevailing party is within the discretion of the district court. *See* County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982). Because the district court erred in deciding the motion to dismiss, the district court should reconsider on remand whether attorney's fees should be awarded.[1]

---

[1]The bank has moved, pursuant to NRS 18.010, for attorney's fees on appeal. NRS 18.010, however, governs the award of attorney's fees in the

Accordingly, we reverse the order of the district court dismissing the bank's complaint and remand for further proceedings. On remand, the district court shall reconsider its denial of the bank's motion for attorney's fees.

---

district court. Further, under the circumstances of this case, we conclude that sanctions on appeal pursuant to NRAP 38 are unwarranted. Accordingly, we deny this motion without prejudice to the bank's right to seek appropriate relief in the district court.