961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sidney MARTS, Plaintiffs-Appellant,
v.
Officer BURFIELD; Officer Hedlund, Defendants-Appellees.
 No. 91-15282.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided April 28, 1992.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sidney Marts, a Nevada state prisoner, appeals pro se the district court's dismissal of his complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).[1] Marts contends that his complaint properly stated a claim and that the district court erred in dismissing his complaint before two of the defendants had been served. We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 * Failure to State a Claim
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Here, Marts alleged that he was deprived of his constitutional rights when officers Burfield and Hedlund conspired to stop a car in which he was a passenger solely because he and the other occupants were "Afro-Americans." Marts further alleged that Burfield and Hedlund conspired with district attorney Drakulich, defense attorney Voorhees, and Judge Whitehead to sentence Marts to six years in prison.
 
 
 6
 Vague and conclusory allegations are not sufficient to support a claim for civil rights violation based on conspiracy. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir.1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Marts failed to allege the existence of particular facts which would support a conspiracy, and thus failed to state a claim for relief based on racially motivated conspiracy. See id.
 
 
 7
 Nevertheless, Marts's complaint, liberally construed, also alleged that Officers Burfield and Hedlund stopped and searched the car without probable cause in violation of the fourth amendment. A civil rights action based on fourth amendment violations in connection with an arrest may be collaterally estopped if the constitutional violations were litigated in the criminal proceeding. Allen v. McCurry, 449 U.S. 90, 105 (1980); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). We give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. Allen v. McCurry, 449 U.S. at 96. Thus, we look to Nevada's collateral estoppel rules to determine whether a defendant's conviction based on his guilty plea forecloses the defendant in a later civil action from challenging alleged unconstitutional police conduct. In Nevada, "[t]he doctrine of collateral estoppel operates to preclude the parties or their privies from relitigating issues previously litigated and actually determined in the prior proceeding." Marine Midland Bank v. Monroe, 104 Nev. 307, 308, 756 P.2d 1193, 1194 (1988). In order for collateral estoppel to apply, the issue must have been actually litigated in the first proceeding and necessarily determined. Id.
 
 
 8
 Here, Marts was convicted following a guilty plea. The record before us does not show whether the issue of the constitutionality of police conduct in stopping and searching the car and its passengers was actually litigated. Thus, we cannot determine on the record before us whether Nevada's collateral estoppel doctrine bars Marts's section 1983 action. See Marine Midland Bank, 104 Nev. at 308. Because Marts's complaint may state a claim for relief based on unconstitutional police conduct in connection with his arrest, we remand to the district court for consideration of this issue.
 
 II
 Defendants Drakulich and Voorhees
 
 9
 In his original complaint, Marts named Burfield, Hedlund, Voorhees and Drakulich as defendants. In its order dismissing the amended complaint, however, the district court noted that the amended complaint named only Burfield and Hedlund as defendants. Marts has submitted to this court photocopies of what purport to be the title pages of two additional "1st amended complaint[s]" against Voorhees and Drakulich, respectively. These are date stamped by the district court as "Received" and "Received and Filed" the same dates as Marts's amended complaint against Burfield and Hedlund. There is no mention of these additional amended complaints in the record or in the district court docket sheet. We remand to the district court for clarification as to whether these amended complaints were properly filed, whether they should be construed as part of this action, and whether Drakulich and Voorhees are still parties to this action.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Marts's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Generally, an order dismissing the complaint and not the action is not a final appealable order. Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987). However, if it appears that the district court intended to dispose of the entire action, it may be considered final and appealable. Id. If it is apparent that the district court believed that amendment of the complaint would be futile, an order dismissing the complaint may be considered final. Id. Here, the district court had given Marts one opportunity to amend. Because it is apparent that the district court believed further amendment would be futile, we treat the order dismissing the amended complaint as a final appealable order