BINDEE EBERLE, JOSEPH J. EBERLE, ZENA REELS ERVIN, CAROLYN S. SCOTT, WARREN NELSON, LUTHER MACK, DAVID W. CLARK, CHET PIAZZO, WARREN FOX, LORETTA JANE YOUNG, LOUISE A. BULLIS, DARYL E. DRAKE, RONALD G. PALMER, ANNE M. MacFARLANE, CLIFF YOUNG, DARLENE G. PIAZZO, GARY G. BULLIS, JACK QUADE, NORMAN PRUPAS, NORMA K. NELSON, GENIE H. MACK, HOLLY WALTON-BUCHANAN, IAN MacFARLANE, CAROL O'BRIEN, BERNARD W. O'BRIEN, CAROL C. MOORE, RON S. JEFFERY, ANDREA PELTER, NEWTON L. THOMPSON, CANDACE E. FOX, LYMON H. METCALF, GAY K. METCALF, SHEILA F. SHAY, NANCY E. WALTHER, WILLIAM BEN SCOTT, VIRGINIA C. DALES, DORIS LYNN EIKELBERGER, ALICE WALTHER, NANCY FLANIGAN, DIANNE TILLER, LARRY TILLER, JULIUS A. HOWELLS, JOHN FLANIGAN, LYN KISTLER, JAMES L. LEWIS, SUE S. KEY, KAREN A. UNDERWOOD, RICHARD A. UNDERWOOD, THEODORE H. MOORE, AND STEVEN T. WALTHER, AS THE COMMITTEE OF INCORPORATORS OF SIERRA MEADOWS, APPELLANTS, *v.* THE STATE OF NEVADA UPON THE RELATION OF THE NELL J. REDFIELD TRUST; GERALD C. SMITH, BETTY ALYCE JONES, HELEN JEAN JONES, IRIS BREWERTON, AND KENNETH G. WALKER, TRUSTEES, JULIUS BALLARDINI, JULIETTE GASPARI, AND ANGELA PERSIGEHL, RESPONDENTS.

No. 21492

August 10, 1992                                836 P.2d 67

*Walther, Key, Maupin, Oats, Cox, Lee & Klaich,* Reno; *Stephen C. Mollath,* Reno, for Appellants.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *Ed Dannan,* Chief Deputy District Attorney, Washoe County; *Patricia Lynch,* Reno City Attorney and *Madelyn Shipman,* Chief Deputy City Attorney, Reno; *Guild & Hagen* and *Gary M. Fuller,* Reno; *Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting in part a motion for expert witness fees and costs, following the entry of a final judgment in the action below.

Appellants attempted to incorporate a new city in the southwest

portion of the Truckee Meadows in Washoe County pursuant to Chapter 266 of the Nevada Revised Statutes. Respondents, owners of large pieces of property within the proposed new city, opposed the incorporation and sought an injunction against appellants. A hearing was held before District Judge James Guinan.

Shortly after the hearing, Judge Guinan called counsel into chambers and stated that he considered NRS Chapter 266 to be unconstitutional. This determination made further action by respondents unnecessary because respondents sought only to prevent appellants from incorporating the proposed new city. Accordingly, on October 17, 1988, pursuant to a stipulation by counsel, Judge Guinan entered an order granting a permanent injunction prohibiting the proposed incorporation. The order concluded that NRS Chapter 266 was unconstitutional because it delegated legislative authority to private individuals.

Appellants then challenged Judge Guinan's decision in this court. While the case was on appeal, the Nevada State Legislature adopted Assembly Bill 161 which substantially amended NRS Chapter 266. 1989 Nev. Stats. ch. 102 at 231. Upon becoming aware of A.B. 161, this court ordered the parties to discuss the issue of mootness during oral argument. After hearing oral argument, this court dismissed the appeal as moot based on the amendment of NRS Chapter 266.

On January 9, 1990, respondents filed in the district court a motion for judgment. On January 29, 1990, the district court entered a judgment permanently enjoining appellants from attempting to incorporate under NRS Chapter 266 as it existed prior to amendment, dismissing the action below and awarding costs. On February 5, 1990, respondents filed an application for extraordinary expert witness fees and costs. Appellants then filed an opposition to the respondents' application and a motion to retax costs. On June 25, 1990, Judge Agosti entered an order granting, in part, the extraordinary expert witness fees and costs. This appeal challenges the award of extraordinary expert witness fees and costs.

Appellants contend that respondents' request for extraordinary expert witness fees and costs was not timely under NRS 18.110(1). Specifically, appellants contend that judgment was entered on October 17, 1988, when Judge Guinan entered an "Order Granting Permanent Injunction." Respondents contend that final judgment was entered on January 29, 1990, when Judge Brent Adams granted respondents' motion for judgment, and finally dismissed the entire action. Respondents filed for extraordinary expert witness fees and costs five days after Judge Adams' judgment was entered. We find it unnecessary to resolve this question in this appeal.

NRS 18.110(1) provides that a memorandum of costs must be filed by the prevailing party within five days after the entry of judgment or within "such further time as the court or judge may grant."[1] Although no further time for filing a motion for costs was specifically granted by the district court, by granting the motion for expert witness fees and costs, the district court either considered the motion to be timely, or impliedly granted respondents additional time within which to move for expert witness fees and costs. In either case, the district court's exercise of discretion to reach the merits of the motion will not be disturbed on appeal. Contrary to appellants' arguments, the statutory period of NRS 18.110(1) is, by its own terms, not a jurisdictional requirement.

We turn to a discussion of the merits of respondents' motion for costs. Pursuant to NRS 18.110(1), costs, including witness fees, can be recovered by "[t]he party in whose favor judgment is rendered." Appellants assert that because this court found the issues on appeal to be moot, there is no party in whose favor judgment was rendered. We agree.

We have held that a party cannot be considered a prevailing party in an action that has not proceeded to judgment. *See* Works v. Kuhn, 103 Nev. 65, 68, 732 P.2d 1373, 1376 (1987); Sun Realty v. District Court, 91 Nev. 774, 755 n.2, 542 P.2d 1072, 1073 (1975). In this case, respondents sought to prevent the incorporation of the specific proposed new city primarily on statutory grounds, and also raised a constitutional challenge to the entire statutory scheme for incorporating cities in general. The district court never ruled on the statutory challenges to the new city, but ruled only on the legal issue of the constitutionality of the statutory scheme. Appellants were then deprived by an act of the legislature of their opportunity to test the district court's purely legal conclusions in this court. In our opinion, under these peculiar circumstances, neither party prevailed in this action; the action was terminated by the legislature. Thus, the district court erred in awarding expert witness fees and costs to respondents.

---

[1]In full, NRS 18.110(1) provides:

1. The party in whose favor judgment is rendered, and who claims his costs, must file with the clerk, and serve a copy upon the adverse party, within 5 days after the entry of judgment, or such further time as the court or judge may grant, a memorandum of the items of his costs in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the costs have been necessarily incurred in the action or proceeding.

Accordingly, we reverse the order of the district court granting expert witness fees and costs to respondents.

MOWBRAY, C. J., SPRINGER, ROSE and STEFFEN, JJ., and STONE, D. J.,[2] concur.