GEORGE C. HALL & SONS, INC.

v.

Kevin TAYLOR, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1993.
Decided July 27, 1993.

---

Barry M. Faber, Grossman–Faber Law Firm, Rockland, for plaintiff.

James W. Strong, Thomaston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Defendant Kevin Taylor appeals from a judgment entered by the Superior Court (Knox County, *Kravchuk, J.*) affirming a judgment of the District Court (Rockland, *Gorman, J.*) finding Taylor liable under a theory of unjust enrichment, jointly and severally with defendant Glenn Reed, for a debt owed to plaintiff George C. Hall & Sons, Inc. (Hall). The debt arose from work performed by Hall pursuant to a contract between Hall and Reed on real estate owned by Taylor and leased to Reed and Gloria Dunphy.[1] Because of the absence of circumstances justifying the imposition of liability against Taylor under a quasi-contract theory, we vacate the judgment.

Hall's complaint, which asked the court to adjudge Reed and Taylor jointly and severally liable, sought recovery in the amount of $2143 for materials and labor provided by Hall for improvements made to the parking area on real estate located at 84 Park Street in Rockland. The complaint alleged that Reed, the lessee of the real estate, had contracted with Hall for the materials and labor and was liable under a breach of contract theory. Hall sought recovery against Taylor for unjust enrichment, alleging that Taylor, the owner of the building, was aware of the contract and had benefitted from the work. There was no allegation of collusion between Taylor and Reed, nor was there an allegation of fraud against Taylor.

The court found Reed liable for the full amount of the contract and entered judgment against him for $2143. The court determined that Taylor was also liable

---

1. Taylor had leased the building to Gloria Dunphy and Glenn Reed for a period of thirty-six months. The building was used, in part at least, as a hair salon. The lease specifically provided that all repairs and improvements were to be paid for by the lessees, and that the lessees were required to obtain permission from the lessor for any alterations or improvements.

based on the theory of unjust enrichment, finding that Taylor was aware of Reed's contract with Hall and that the value of Taylor's property was increased by the work done. The court adjudged Reed and Taylor to be jointly and severally liable for the debt to Hall. Taylor's appeal to this court followed the Superior Court's affirmance of the District Court's judgment.

 Contrary to Taylor's assertion that there can be no recovery in quasi-contract when, as here, an express contract exists, recovery against a third party on a theory of unjust enrichment is not always precluded as a matter of law. *See A.F.A.B., Inc. v. Town of Old Orchard Beach*, 610 A.2d 747, 749–50 (Me.1992) (recovery in *quantum meruit* by contractor against owner of property despite existence of express contract with potential purchaser of property); *see also* Annotation *Building and Construction Contracts: Right of Subcontractor Who Has Dealt Only With Primary Contractor to Recover Against Property Owner in Quasi Contract*, 62 A.L.R.3d 288 (1975). In order to recover under a theory of unjust enrichment, however, a plaintiff is required to prove its elements, as set out in *A.F.A.B.*:

"[One] a benefit conferred upon the defendant by the plaintiff; [two] an appreciation or knowledge by the defendant of the benefit; and [three] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."

610 A.2d at 749 (quoting *Estate of White*, 521 A.2d 1180, 1183 (Me.1987)).

 Here, the District Court clearly found the existence of the first two elements, that Hall worked on and improved Taylor's property with Taylor's knowledge. Taylor does not dispute those findings.

Those findings alone, however, are insufficient to allow recovery against Taylor under a theory of unjust enrichment. The court did not specifically address the third element of unjust enrichment. Although there is no transcript of the proceedings in the District Court,[2] the circumstances in this case do not justify an implied finding that it would be inequitable for Taylor to retain the benefit conferred on the real estate.[3] The complaint does not allege that Taylor committed fraud or that there was collusion between Taylor and Reed, and the court made no such finding. Although liability against Taylor for unjust enrichment might be appropriate if Hall were unable to obtain payment from Reed, there is no allegation that Reed is judgment-proof, nor is there any indication in the court's findings that the judgment against Reed is not fully collectible.[4] Rather, the District Court imposed joint and several liability on the defendants, enabling Hall to enforce the judgment against either defendant. Joint and several liability can result when two or more parties are liable under a *single* contract, a situation not present here. *See Restatement (Second) of Contracts* § 289 (1979).

In addition, Taylor introduced into evidence the lease that he and Reed had signed, which provided that Reed, as the tenant, was responsible for the cost of all repairs and improvements to the premises. Indeed, as shown by an exhibit, Reed had previously ordered from Hall gravel and loam for the parking area, which Hall delivered and was paid for. *See A.F.A.B.*, 610 A.2d at 749 (actions for unjust enrichment barred when property owner had no reason to believe that he would be liable for the costs incurred).

The entry is:

against the property. *See* 10 M.R.S.A. §§ 3251–3269 (1980 & Supp.1992).

---

2. The trial of this matter in the District Court was not electronically recorded, *see* M.R.Civ.P. 76H, there was no request for additional findings of fact, *see* M.R.Civ.P. 52, and no statement of evidence prepared. *See* M.R.Civ.P. 76F(c).

3. This case involves a personal judgment against Taylor. Hall did not seek to enforce a lien

4. There is evidence in the record that Gloria Dunphy, the other lessee under the lease, filed a Chapter 7 petition with the United States Bankruptcy Court.

Judgment against Defendant Taylor vacated. Remanded to Superior Court for remand to District Court for entry of judgment for Taylor.

All concurring.