95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Jack R. ARMSTRONG, dba Armstrong Construction, Debtor.
Jack F. STATEN and M. Jane Staten, Plaintiffs-Appellants,
Cross-Appellees,
v.
Jack R. ARMSTRONG, Defendant-Appellee, Cross-Appellant.
 No. 95-15510, 95-15595.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1996.
Decided Aug. 23, 1996.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and WINMILL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 Introduction
 
 3
 Appellants Jack and Jane Staten appeal from a decision rendered by the U.S. District Court, Northern District of California. Appellee Jack Armstrong had contracted to construct the Statens' home in Nevada, and in the resulting litigation, the Nevada state court entered judgment against Armstrong. Subsequently, Armstrong filed bankruptcy, and the Statens sought to have their judgment declared nondischargeable on a theory of fraud. The Bankruptcy Court granted the Statens' motion for summary judgment, finding that principles of collateral estoppel precluded it from relitigating the issue of misrepresentation, and denied Armstrong's motion for summary judgment. Armstrong appealed to the District Court, which reversed the grant of summary judgment to the Statens, but affirmed the denial of summary judgment to Armstrong. The Statens appeal to this Court, and Armstrong has filed a cross-appeal.
 
 Facts and Prior Proceedings
 
 4
 In 1983, Armstrong and the Statens entered into an agreement calling for Armstrong to build a custom home for the Statens in Incline Village, Nevada. Construction of the house took longer than anticipated and, after approximately three years, relations between the parties soured. On September 20, 1988, Armstrong filed a complaint against the Statens in Nevada state court seeking unpaid fees stemming from construction already performed.
 
 
 5
 The Statens filed an answer which denied Armstrong's allegations and included several affirmative defenses, including an allegation that Armstrong's suit was barred by Nevada law because he was not a licensed contractor. The counterclaim sought damages against Armstrong on various theories, including negligence and breach of contract. A court trial was held, after which the court ruled against Armstrong on his claim for unpaid fees. The court further awarded the Statens $151,023.27 in damages on their counterclaim. Written Findings of Fact and Conclusions of Law were prepared by the Statens' counsel and signed by the trial court. Thereafter, Armstrong filed a motion to alter or amend the judgment, in which he asserted that the Findings of Fact and Conclusion of Law entered by the trial court did not accurately reflect the substance of its decision. The trial court denied the motion.
 
 
 6
 Subsequently, Armstrong filed for bankruptcy. The Statens brought an action in the bankruptcy proceeding to have their judgment declared nondischargeable. The Statens moved for summary judgment, arguing that the Nevada court's decision established every element of fraud under 11 U.S.C. § 523(a)(2)(A), and thus collateral estoppel precluded Armstrong from relitigating those elements in bankruptcy court. Armstrong filed a cross-motion for summary judgment, which relied upon a radically different view of what transpired in the state court proceedings. Armstrong contended that the Statens' fraud claim was a compulsory counterclaim which was not pled, and the state court's decision and factual findings were based on negligence and breach of contract, and not on a theory of fraud. From this, Armstrong contended that the state court judgment was res judicata on the issue of fraud.
 
 
 7
 The Bankruptcy Court granted the Statens' motion for summary judgment and denied Armstrong's motion. Armstrong appealed to the District Court, which reversed the Bankruptcy Court's grant of summary judgment, finding that each element of nondischargeability had not been actually and necessarily litigated in the Nevada proceedings. The District Court affirmed the denial of Armstrong's motion for summary judgment.
 
 
 8
 The Statens now appeal to this Court, and seek review of the District Court's decision concerning their motion for summary judgment. Armstrong cross-appeals, and seeks review of the District Court's affirmance of the Bankruptcy Court's denial of his summary judgment motion.
 
 Standard of Review
 
 9
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Furthermore, the appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Jesinger, 24 F.3d at 1130. Rule 56, Fed.R.Civ.P., is applicable to bankruptcy proceedings via Fed.R.Bankr.P. 7056. The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the District Court correctly applied the relevant substantive law. Warren, 58 F.3d at 441; Jesinger, 24 F.3d at 1130.
 
 Preliminary Issues
 
 10
 1. Jurisdiction Over Armstrong's Cross-Appeal
 
 
 11
 In his cross-appeal, Armstrong seeks review of the denial of his motion for summary judgment. Staten argues that the District Court's denial of Armstrong's summary judgment motion is not a final judgment, and thus is not an appealable order. We disagree. This Court has previously held that when a District Court grants one party's motion for summary judgment, and denies the opposing party's motion, then the denial may be appealed. Abend v. MCA, Inc., 863 F.2d 1465 (9th Cir.1988), aff'd, 495 U.S. 207 (1990) Ordinarily a denial of a motion for summary judgment is not a final order and thus not appealable. 28 U.S.C. § 1291. However, the district court's grant of summary judgment was a final decision giving us jurisdiction to review its denial of plaintiff's motion for summary judgment. Id. at 1482, n. 20. Based on Abend, this Court has jurisdiction over the cross-appeal.
 
 
 12
 2. Motion to Supplement the Record on Appeal
 
 
 13
 The Statens have moved this Court to supplement the record on appeal with the Declaration of Judge Charles M. McGee, who presided over the state court trial. His declaration, prepared long after he rendered his decision, states that he intended to make the findings concerning fraud in order to rule upon evidence actually presented on the issue of fraud in the inducement.
 
 
 14
 The Statens base their motion on Fed.R.App.P. 10(e) which states in pertinent part:
 
 
 15
 Correction or Modification of the Record.... If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
 
 
 16
 This Court has stated that Rule 10(e) is available to correct technical defects or omissions in order to accurately represent in the appeals court what actually occurred in the District Court. However, "[r]ule 10(e) cannot be used to add to or enlarge the record on appeal to include material which was not before the district court." United States v. Walker, 601 F.2d 1051, 1055 (9th Cir.1979). In United States v. Garcia, 997 F.2d 1273, 1278 (9th Cir.1993), rev'd on other grounds, 77 F.3d 274 (9th Cir.1996), this Court indicated that Rule 10(e) may not be used "to supplement the record with material not introduced or with findings not made." Accord, Kirshner v. Uniden Corp. Of America, 842 F.2d 1074, 1077 (9th Cir.1988).
 
 
 17
 Therefore, under the case law of this Circuit, Judge McGee's affidavit, which essentially seeks to supplement the record with findings not specifically made, and which was not before either the Bankruptcy or District Courts, is disallowed. The Statens' Motion to Supplement the Record on Appeal is denied.
 
 Discussion
 1. The Statens' Motion for Summary Judgment
 A. The Elements of Collateral Estoppel
 
 18
 The United States Supreme Court has stated that the doctrine of collateral estoppel may apply to nondischargeability proceedings in bankruptcy court. In Brown v. Felsen, 442 U.S. 127 (1979), the Court stated:
 
 
 19
 If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those [of the relevant statute or section], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.
 
 
 20
 Id. at 139, n. 10; Grogan v. Garner, 498 U.S. 279, 285 n. 11 (1991). We look to state law to determine the elements of collateral estoppel. In re Nourbakhsh, 67 F.3d 798, 801 (9th Cir.1995).
 
 
 21
 Under Nevada law, the doctrine of collateral estoppel "operates to preclude the parties or their privies from relitigating issues previously litigated and actually determined in the prior proceeding." Marine Midland Bank v. Monroe, 756 P.2d 1193, 1194 (Nev.1988), citing Landex Inc. v. State ex rel. List, 582 P.2d 786, 790 (Nev.1978). Furthermore, this Court in Haupt v. Dillard, 17 F.3d 285 (9th Cir.1994), stated:
 
 
 22
 In Nevada, a litigant is estopped from raising an issue in a subsequent proceeding if (1) the issue was "actually litigated" and "necessarily determined" in the prior proceeding, and (2) the parties in the two proceedings were the same or in privity. Marine Midland Bank v. Monroe, 756 P.2d 1193 (Nev.1988). If Nevada courts, applying these requirements, would preclude Haupt from relitigating the issue of probable cause, then he is similarly precluded in federal court provided that he had a full and fair opportunity to litigate the issue in the prior proceeding. See Allen v. McCurry, 449 U.S. 90, 95 (1980).
 
 
 23
 Haupt, 17 F.3d at 288. Thus, in order for collateral estoppel to preclude the Bankruptcy Court's consideration of whether the elements of fraud were present in the transaction between Armstrong and the Statens, each of the elements necessary to a nondischargeability determination must have been "actually litigated" and "necessarily determined" in the prior proceeding, and the parties in the two proceedings must have been the same or in privity.
 
 B. The Elements of § 523(a)(2)(A)
 
 24
 Section 523 of Title 11, United States Code, delineates exceptions to the general rule of dischargeability in bankruptcy. Subsection (a)(2)(A) states that a general discharge does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud...." This Circuit has employed a five-part test for determining when a debt is nondischargeable under § 523(a)(2)(A). The creditor must show: (1) that the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. In re Briton, 950 F.2d 602, 604 (9th Cir.1991); In re Houtman, 568 F.2d 651, 655 (9th Cir.1988).
 
 
 25
 C. Application of Collateral Estoppel to the Elements of § 523
 
 
 26
 The District Court assumed for the purposes of argument that the elements of § 523(a)(2)(A) had been litigated in the state court. However, the District Court found that the Statens failed to show that all of the elements were necessary to the state court judgment. As the District Court stated:
 
 
 27
 [n]owhere in its decision or later findings of fact did the state court imply that its award was based on fraud in the inducement. Therefore, the elements of knowledge of falsity, intent to deceive, reasonable reliance, and damages proximately caused by the misrepresentation involved were not necessarily determined by the Nevada state court. None of these elements were necessary to a judgment based primarily on breach of contract and negligence theories. Collateral estoppel should not therefore be applied to preclude the litigation of these issues in the bankruptcy court.
 
 
 28
 A review of the Nevada trial judge's decision provides ample support for this conclusion. Although the trial judge found that the fraudulent inducement occurred, he did not base his decision on that finding, and he did not award any damages because of that fraud. The state court decision states:
 
 
 29
 Armstrong did not clearly communicate to the Statens the fact that he was not a licensed contractor when he induced them to enter into a relationship allowing him to construct their residence. As a consequence, the Staten's breach of contract claims are enhanced.... Nonetheless, the fact is that Armstrong intentionally held himself out to be a contractor capable of doing all the work necessary to complete the residence at a reasonable cost. The finding that the Statens reasonably relied on Armstrong's exaggerated status to their material detriment, bolsters their claims of negligence and breach of contract.
 
 
 30
 (emphasis in original). The state court made no finding of any particular damage amount being linked solely to the fraudulent inducement claim. Instead, it held that the fraud in the inducement "enhanced" or "bolster[ed]" the Statens' contract and negligence claims against Armstrong. This suggests only that the fraud supported those claims but did not stand on its own.
 
 
 31
 Accordingly, the state trial court's consideration and findings concerning the fraudulent inducement claim were not necessary to its decision. Thus, the District Court's reversal of the Bankruptcy Court's grant of the Statens' motion for summary judgment is affirmed.
 
 
 32
 2. Armstrong's Cross-Appeal for Summary Judgment
 
 
 33
 Armstrong appeals the Bankruptcy and District Courts' denial of his motion for summary judgment. Armstrong sought summary judgment before the Bankruptcy Court on the theory that the Statens were required to litigate the issue of fraudulent inducement during the state court proceedings, because it was a compulsory counterclaim. Armstrong's complaint in state court involved a claim for payment for his services in constructing the Statens' home. The Statens asserted six counterclaims in the state court case, which were generally contract and tort claims. Thus, Armstrong argues that if Staten had any claim that his damages were caused by Armstrong's misrepresentations, such a claim for fraud was a compulsory counterclaim which was not pleaded and is therefore barred.
 
 
 34
 Armstrong also argues that under Nevada law, res judicata bars any claims which were raised or might have been raised in prior litigation. Armstrong contends that since the Statens' fraudulent inducement claim could have been raised and resolved in the Nevada state court proceeding, they are precluded from litigating the fraud issue as part of a nondischargeability proceeding in Bankruptcy Court. We disagree.
 
 
 35
 Armstrong's argument ignores the Supreme Court's decision in Brown v. Felsen, supra. In that case, a state court action had been filed which alleged, among other things, fraud in the inducement. However, the case never went to trial, but was instead settled by stipulation. When the respondent later sought discharge of the liability in bankruptcy, petitioner argued that the debt was nondischargeable, because it was a product of fraud. The respondent argued that because the prior state-court proceeding did not result in a finding of fraud, then res judicata barred relitigation of the nature of the debt, even though nondischargeability under § 17 had not been in issue in the prior proceeding.[1]
 
 
 36
 The Supreme Court stated that if a state court "should expressly rule on § 17 questions, giving finality to those rulings would undercut Congress' intention to commit § 17 issues to the jurisdiction of the bankruptcy court." Id. at 135. The Court then stated:
 
 
 37
 In sum, we reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt. Adopting the rule respondent urges would take § 17 issues out of bankruptcy courts well suited to adjudicate them, and force those issues onto state courts concerned with other matters, all for the sake of a repose the bankrupt has long since abandoned. This we decline to do.
 
 
 38
 Id. at 138-39. Therefore, under Brown, Armstrong's claim that the issue of fraudulent inducement is barred by res judicata, because it could have and should have been raised below, cannot stand. It is within the Bankruptcy Court's jurisdiction to consider the issue of fraud anew as it relates to a nondischargeability claim under § 523. Likewise, although the Statens' fraud claim may have been a compulsory counterclaim which cannot now be asserted in state court, the failure to assert such a counterclaim does not prevent a bankruptcy court from making a nondischargeability determination under federal law. Therefore, we affirm the District Court's decision affirming the Bankruptcy Court's denial of Armstrong's motion for summary judgment.
 
 Conclusion
 
 39
 As the state court's conclusions concerning the fraudulent inducement claim were not necessary to its decision, summary judgment was not proper. Therefore, we affirm the District Court's reversal of the Bankruptcy Court's grant of the Statens' motion for summary judgment. Additionally, res judicata does not preclude the Bankruptcy Court from considering the fraud claim as it relates to discharge. Therefore, we affirm the District Court's decision affirming the Bankruptcy Court's denial of Armstrong's cross-motion for summary judgment.
 
 
 
 *
 The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1978, Congress repealed the Bankruptcy Act, including § 17. However, the discharge provisions found in § 523 are substantially similar to those found in the former § 17