### In re E.G. BAILEY and Narvell Bailey, Debtors.

### Craig WORD and Phyllis Word, Plaintiffs,

### v.

### E.G. BAILEY and Narvell Bailey, Defendants.

**Bankruptcy No. 96–10861. Adv. No. 96–1073.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 22, 1996.

Paul Lukey, Cincinnati, OH, for Defendants.

Jeffrey Greenberger, Cincinnati, OH, for Plaintiffs.

## DECISION and ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

The present adversary proceeding is related to the debtor's Chapter 7 bankruptcy case. In their Amended Complaint, plaintiffs seek relief for acts described as fraud, false pretenses, false representation, and willful and malicious injury by defendants to plaintiffs. The complaint refers to § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6).

This court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(I).

Now before the court is a Motion for Summary Judgment filed by the plaintiffs and the defendants' response thereto. In their Amended Complaint, the plaintiffs assert that they obtained a judgment against the debtor, E.G. Bailey (hereafter "Bailey"), in the Second Judicial Court for the State of Nevada, County of Washoe, in the amount of $940,723.94, plus interest, on January 21, 1995. They contend that $55,531.45 of this is nondischargeable. In their motion, plaintiffs recount the facts leading up to the default judgment against defendant, Bailey, and acknowledge that the judgment is a default judgment. Plaintiffs argue that Bailey's debt to them is nondischargeable on the basis that the doctrine of collateral estoppel precludes this court from "relitigating" the Nevada court's finding of fraud on the part of Bailey. The plaintiffs base their argument on the Sixth Circuit's interpretation of the Full Faith and Credit Statute, 28 U.S.C. § 1738 in *In re Bursack*, 65 F.3d 51 (6th Cir.1995). In support of their motion, the plaintiffs submitted a number of documents from the Nevada proceeding, including the answer, the application for trial setting, the scheduling order, and the notice of entry of default judgment. Plaintiffs also submitted two affidavits, one from their attorney in the Nevada proceeding, and one from the courtroom clerk in the Nevada court.

In response to the plaintiffs' argument that the court is precluded by collateral estoppel from relitigating the Nevada court's finding of fraud, the defendants assert that the plaintiffs are not entitled to summary judgment because the judgment entered by the Nevada court was a default judgment. Defendants argue that the facts show that Bailey did not participate in the Nevada proceeding after filing his answer. According to the defen-

dants, the default judgment cannot be given preclusive effect by this court under the Sixth Circuit's decision in *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). In support of their response, defendants submitted the affidavit of Bailey, as well as a copy of correspondence between Bailey and his Nevada attorney.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed. R.Bankr.P. 7056. The moving party bears the burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

Based on the evidence submitted, we find the following facts concerning the grant of a default judgment to the plaintiffs. The plaintiffs entered into a contract with the defendant, E.G. Bailey, to construct a home for them in Nevada for approximately $160,000. The defendant did not complete his performance under the contract and the plaintiffs filed suit for damages in Nevada on May 17, 1994 as a result of that failure. Bailey answered the complaint and filed a counterclaim against the plaintiffs. After filing his answer and counterclaim, Bailey failed to appear for a deposition, failed to oppose a motion for sanctions, and failed to respond to an order to show cause. This failure of action caused the Nevada court to strike the answer and grant judgment to the plaintiffs on the counterclaim. The court then entered a default and set a hearing for determination of damages on December 21, 1995. The defendant did not appear for this hearing.[1] The plaintiffs put on evidence of damages and the court awarded judgment to them in the following amounts:

1. Upon their claims for relief, as alleged in the Complaint:

a. Breach of Contract: $65,334.09;

b. Negligent Performance: $250,000;

c. Intentional Misrepresentation (Fraud): $50,000; and

d. Negligent Misrepresentation: Nothing (damages same as those awarded for Fraud);

2. Upon their claim for exemplary and punitive damages arising from Defendant's intentional misrepresentation: $500,000;

3. Reasonable attorney's fees in the sum of $10,000;

4. Sanctions previously awarded by the Court in the sum of $1,531.45; and

5. Interest from the date of filing of the Complaint in the sum of $63,858.40, for a total judgment as of December 21, 1995, of $940,723.94.

Notice of Default Judgment, Plaintiffs' Exhibit F.

■ The doctrine of collateral estoppel applies in dischargeability actions under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991). In the case of *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981), cited by the defendants as support for the proposition that a default judgment cannot be the basis for the application of collateral estoppel, the court held that the doctrine of collateral estoppel is applicable in bankruptcy. *Id.* at 227–228. Defining collateral estoppel, the court stated that the *doctrine is properly invoked when the precise issue sought to be precluded was raised in the state court, the issue was actually litigated, and the determination of the issue was necessary to the outcome in the state court. Id.* The court then stated the corollary of this, that when the state court judgment is a default judgment, collateral estoppel does not bar relitigation of the issue in the bankruptcy court. *Id.*

---

1. The Notice of Default Judgment entered by the Nevada court states that the defendant "failed to appear, either in person or through counsel" for the damages hearing. Plaintiffs' Exhibit F. The minutes of the court clerk present at the proceed-ing indicate that the defendant was represented by counsel, Lisa Anderson, at the hearing. Plaintiffs' Exhibit E. While this discrepancy could present an issue of fact, we find that the Plaintiffs' Motion must be denied on a different basis.

Preclusion through the doctrine of collateral estoppel in the Sixth Circuit has evolved since the case of *Spilman,* supra. Following *Spilman,* the United States Supreme Court addressed the role of 28 U.S.C. § 1738, the full faith and credit statute, in the application of collateral estoppel. *Migra v. Warren City School District Bd.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). The Court in *Migra* stated that 28 U.S.C. § 1738 implements the full faith and credit clause of the Constitution by requiring that the state accord to the courts of any other state, the same effect as would the court of the other state. *Id.* at 81, 104 S.Ct. at 896. The court held that the federal courts are bound by the statute as well. *Id.*

Recently, the Sixth Circuit revisited the application of collateral estoppel in dischargeability actions where the asserted basis for preclusion is a default judgment. *In re Bursack,* 65 F.3d 51 (6th Cir.1995). In *Bursack,* the court decided that the application of the doctrine in a bankruptcy court depends on whether the doctrine would be applied in a court of the state where the default judgment was entered. *Id.* at 53. The court held that since the courts of Tennessee would consider a default judgment "actually litigated," the bankruptcy court was correct in giving the Tennessee judgment preclusive effect. *Id.* at 54. The court found no federal consideration to justify an exception to the extension of full faith and credit in such a case. *Id.* at 54–55.

In the present case, the plaintiff's Motion for Summary Judgment is based on the asserted preclusive effect of a default judgment against the defendant from a Nevada court. In light of the *Migra* and *Bursack* decisions, to determine if the plaintiffs are correct in their assertion, this court must look to the law of the state, Nevada, where the default judgment was entered against the defendant to see what preclusive effect must be given to the judgment. *Id.* at 53.

 In Nevada, as well as Ohio, the doctrine of collateral estoppel precludes parties from litigating an issue that existed in a prior action, that was actually litigated in the action, and that was necessary to the determination of the prior action. *Thompson v. Wing,* 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994); *Marine Midland Bank v. Monroe,* 104 Nev. 307, 308, 756 P.2d 1193, 1194 (1988). The difficult question with respect to the collateral estoppel effect of a default judgment is whether a default judgment is "actually litigated." We must follow the law of Nevada in determining the answer to that question. *Bursack,* 65 F.3d at 53.

 The courts of the state of Nevada have not decided whether a default judgment will satisfy the "actual litigation" requirement of the doctrine of collateral estoppel. Because this is so, we must determine how the Nevada courts, if presented with the issue, would decide it. We start from the general proposition stated by the court in *University of Nevada, et al. v. Tarkanian,* 110 Nev. 581, 879 P.2d 1180, 1191 (1994) that for collateral estoppel to apply "it must be clear that the issue was actually litigated." While Nevada courts have not interpreted this phrase for default judgments, they have done so for consent judgments. A consent judgment occurs where the parties to litigation do not proceed to trial, but agree to judgment. In Nevada, consent judgments are not given preclusive effect through the doctrine of collateral estoppel. *Willerton v. Bassham, et al.,* 111 Nev. 10, 889 P.2d 823, 827, n. 6 (1995).

It is the view of this court that a consent judgment makes a better case for the application of collateral estoppel than does a default judgment. The element of conscious waiver can be perceived in the case of a consent judgment, for the liable party has participated in the court entry. Therefore, since Nevada courts will not grant preclusive effect to a consent judgment, we conclude, a fortiori, that they will not do so in the case of a default judgment. This court, therefore, cannot grant preclusive effect to the Nevada judgment, and the motion of plaintiffs must fail, for they are not entitled to judgment as a matter of law.

Plaintiffs' motion for summary judgment is denied.

So Ordered.