# IN THE SUPREME COURT OF THE STATE OF NEVADA

STARA ORIEN, AN INDIVIDUAL,
Appellant,
vs.
CHELESE CONWAY,
Respondent.

No. 73519

FILED

MAY ⸱ ⸱ 2019

ELI⸱⸱⸱ ⸱ ⸱ ⸱OWN
CLER⸱ OF ⸱ ⸱ ⸱⸱ ⸱⸱ COURT
BY⸱⸱⸱⸱⸱
DEP⸱⸱ ⸱⸱⸱⸱⸱⸱

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a final judgment in a contract and unjust enrichment action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.[1]

Appellant contends that the district court erred in holding her liable for damages on respondent's unjust enrichment claim because Robert Conway, who is not a party to this appeal, agreed to accept full responsibility for repaying the loan to respondent in the Marital Settlement Agreement between appellant and Mr. Conway.[2] We disagree. *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing de novo a district court's legal conclusions). Neither the Marital Settlement Agreement nor the ensuing divorce decree mentioned the loan at issue in this matter or the property to which the loan pertained. As a consequence, we cannot conclude that the divorce proceeding between appellant and Mr.

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

[2]Appellant also contends that the doctrines of waiver, laches, equitable estoppel, and unclean hands should bar respondent from asserting her unjust enrichment claim, which appellant concedes was timely filed. Having considered the record, which includes respondent's explanation at trial for her delay in filing the underlying action and does not include any clear indication of how appellant was prejudiced by the delay, we are not persuaded that the elements of any of these defenses were satisfied.

19-21309

Conway somehow constituted an adjudication of respondent's legal rights vis-à-vis appellant. *Cf. Marine Midland Bank v. Monroe*, 104 Nev. 307, 308, 756 P.2d 1193, 1194 (1988) (concluding that a third-party creditor that was not a party to a divorce proceeding or in privity with any party was not bound by the divorce decree).

Appellant next contends that the district court erred in awarding respondent damages on respondent's unjust enrichment claim because the district court also found Mr. Conway liable for those same damages under a contract theory. Again, we disagree. *Weddell*, 128 Nev. at 101, 271 P.3d at 748. To the extent appellant contends that the award is an impermissible double recovery, that contention fails, as the district court held appellant and Mr. Conway jointly and severally liable for the entire damages award. *United States v. Nucci*, 364 F.3d 419, 423 (2d Cir. 2004) ("[J]oint and several liability does not permit double recovery. . . . [T]he effect of joint liability . . . is to excuse one defendant from paying any portion of the judgment if the plaintiff collects the full amount from the other." (internal quotation marks and alterations omitted)). To the extent appellant contends that a damages award under an unjust enrichment theory can never be imposed against a defendant when the same damages award has been imposed against a different defendant under a contract theory, appellant has cited no authority for this proposition, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to present cogent arguments supported by relevant authority), nor are we aware of any such authority, *cf. George C. Hall & Sons, Inc. v. Taylor*, 628 A.2d 1037, 1039 (Me. 1993) (recognizing that it is permissible to sue one defendant under an unjust enrichment theory and a different defendant under a contract theory).

Appellant further contends that the district court erred in holding her jointly and severally liable, either because no Nevada statute authorizes joint and several liability under the circumstances of this case or, alternatively, because respondent's contract with Mr. Conway did not provide for such liability. Again, we disagree. The concept of joint and several liability is based in the common law, *see Humphries v. Eighth Judicial Dist. Court*, 129 Nev. 788, 794, 312 P.3d 484, 488 (2013), so for it not to apply under the circumstances of this case, the Legislature would need to enact a statute providing as much, *cf. id.* (observing that the Legislature's enactment of NRS 41.141 supplanted joint and several liability in certain tort scenarios).[3] Additionally, and as indicated previously, the district court did not originally hold appellant liable for the full $110,709.60 loan amount based on respondent's contract with Mr. Conway, but rather based on respondent having inequitably retained the entire $110,709.60 benefit that respondent conferred on appellant by virtue of paying off appellant's first mortgage. *Cf. Leasepartners Corp. v. Robert L. Brooks Tr.*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997) ("[U]njust enrichment occurs when ever a person has and retains a benefit which in equity and good conscience belongs to another." (internal quotation marks and alteration omitted)). Accordingly, we are not persuaded that the contract's failure to provide for joint and several liability somehow absolves appellant of liability for the full damages award.

Appellant additionally contends that the district court should have reduced her liability by $100,000 because Mr. Conway and respondent entered into an agreement wherein Mr. Conway promised to make monthly

---

[3]We are not persuaded by appellant's suggestion that NRS 41.141 applies in this case.

payments to respondent over the course of 13¾ years totaling $100,000. In particular, appellant contends that NRS 101.040 allows a credit to a codefendant for "[t]he amount or value of consideration received" by the plaintiff from another codefendant and that, here, the amount of consideration respondent received from Mr. Conway was $100,000.[4] Again, we disagree. Appellant has cited no authority to support the proposition that a codefendant is entitled to an immediate offset for the entire amount of another codefendant's settlement when that settlement is to be paid in installments.[5] *Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38. Moreover, from a common-sense perspective, Mr. Conway's promise to pay respondent $100,000 over 13¾ years does not have the same "value" to respondent for purposes of NRS 101.040 as if respondent had been paid $100,000 in an immediate lump sum. Accordingly, the district court correctly declined to reduce appellant's liability by $100,000.

Appellant further contends that she should have received a credit for monthly payments totaling $38,200 that were made to respondent before trial. However, the district court found that this amount consisted of monthly interest payments on the loan balance and thereby *did* give appellant a credit for this amount by virtue of not holding her liable for prejudgment interest. To the extent appellant suggests the monthly payments were not for interest, we decline to reweigh the district court's determinations regarding witness credibility. *Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility

---

[4]Because neither side addresses the issue, we assume NRS 101.040 applies.

[5]Contrary to appellant's suggestion, *Evanow v. M/V Neptune*, 163 F.3d 1108 (9th Cir. 1998), does not stand for such a proposition.

determinations to the district court and will not reweigh credibility on appeal.").[6]

Appellant finally contends that the district court improperly awarded costs to respondent because respondent did not timely submit a memorandum of costs. However, we are persuaded by respondent's argument, which appellant does not address, that the district court impliedly granted an extension of NRS 18.110's five-day time frame by virtue of partially awarding respondent her costs. *See Eberle v. State ex rel. Nell J. Redfield Tr.*, 108 Nev. 587, 590, 836 P.2d 67, 69 (1992) (holding that when the district court awards costs after a party did not file a memorandum within NRS 18.110's five-day window, the district court has impliedly granted additional time). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Stiglich                                              Silver

cc:     Hon. Linda Marie Bell, Chief Judge
        Stara Lynn Orien
        Parry & Pfau
        Eighth District Court Clerk

---

[6]Moreover, because appellant was not held liable for prejudgment interest, respondent's failure to provide proof of the interest payments for the three months immediately preceding the trial was harmless and does not warrant a remand. Nor are we persuaded that a remand is necessary for the district court to order respondent to provide an accounting of any payments that Mr. Conway made after the trial. To the extent appellant may be entitled to a partial credit for those payments, those issues can be addressed in a subsequent action.

SUPREME COURT
OF
NEVADA

(O) 1947A