VASIL M. MARKOFF, Appellant, v. NEW YORK LIFE INSURANCE CO.; THEODORE JACOBS, M.D.; KIRK V. CAMMACK, M.D.; ROBERT BUCKLEY, M.D.; WILLIAM HARRIS, M.D.; AMERICAN MEDICAL ASSOCIATION; NEVADA STATE MEDICAL ASSOCIATION; and CLARK COUNTY MEDICAL SOCIETY, Respondents.

No. 8058

April 29, 1976                        549 P.2d 330

*Daniel M. Markoff,* Las Vegas, for Appellant.

*Breen, Young, Whitehead & Hoy, Chartered,* and *David R. Belding,* Reno, for Respondents New York Life Ins. Co. and Cammack.

*Beckley, Singleton, DeLanoy, Jemison & Reid, Chartered,* Las Vegas, for Respondent Jacobs.

*Paul C. Parraguirre,* Las Vegas, for Respondent Buckley.

*Smith & O'Brien* and *Richard Avila,* Las Vegas, for Respondents Harris and Clark County Medical Soc'y.

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Respondents American Medical Ass'n and Nevada State Medical Ass'n.

## OPINION

*Per Curiam:*

Vasil M. Markoff commenced this action in July 1971 against respondents, alleging they either gave or conspired to give false testimony in the case of Markoff v. New York Life Ins. Co., 88 Nev. 319, 497 P.2d 904 (1972). Markoff later

amended his complaint to include a broader allegation that respondents had conspired to defraud him of certain insurance benefits to which he was entitled under three policies issued by New York Life Insurance Company (hereinafter NYLIC).

Specifically, Markoff alleges NYLIC conspired with Doctors Cammack and Jacobs to falsely testify that Markoff was not, in fact, disabled. Subsequent to the initial filing of appellant's complaint, Respondent Robert Buckley, M.D., was joined as a party defendant, without leave of court, for allegedly declining to treat Markoff in December 1971.

The American Medical Association (AMA), the Nevada State Medical Association (NSMA), and the Clark County Medical Society (CCMS) are alleged to have refused or neglected to investigate the Markoff claim of perjury and malpractice by said doctors. In addition, by reason of the doctors' voluntary membership in the aforesaid associations, it is alleged that the associations thereby joined in the conspiracy to defraud Markoff of certain insurance benefits. Finally, Respondent William Harris, M.D., was included as a defendant, premised solely on his status as the then President of CCMS.

In response to appellant's complaint, Respondents NYLIC, Cammack, and Harris answered and filed motions for summary judgment, Respondents Jacobs and CCMS filed motions to dismiss, and Respondent Buckley filed a motion to quash. All of these motions were granted. Respondents AMA and NSMA answered the complaint. Subsequently, appellant filed a motion to amend his complaint as to all defendants. This motion was denied as to all respondents except AMA and NSMA, who were again ordered to answer. Appellant then filed a second motion to amend his complaint. On August 8, 1974, appellant's motion to amend was heard in conjunction with motions for summary judgment by AMA and NSMA. At the conclusion of this hearing, the trial court granted AMA's and NSMA's motions for summary judgment and denied appellant's motion for leave to amend his complaint against all other respondents.

Markoff has appealed, alleging that the trial court erred (a) in not allowing appellant to further amend his complaint and require the respondents, other than AMA and NSMA, to answer thereto; (b) in not requiring the respondents, other than AMA and NSMA, to answer his second amended complaint because they had been previously dismissed from the action; and (c) in granting summary judgment in favor of AMA and NSMA.

For the reasons expressed below, we find this appeal without merit.

1. *The Facts.*

In July 1963, Markoff applied for three insurance policies, which were issued by NYLIC in September 1963. The policies consisted of an income protection policy and two life insurance policies with provisions for waiver of premiums should the insured become disabled.

In June 1964, Markoff filed claim for benefits under all three policies, alleging total disability. The claims were denied, and Markoff filed suit against NYLIC in July 1965. After extended litigation, including approximately 18 days of trial, the lower court found Markoff had misrepresented material facts in his application for insurance and was not, in fact, disabled. The income protection policy was held null and void; however, the two life insurance policies were not specifically mentioned in the court's decision. Markoff appealed. We affirmed. Markoff v. New York Life Ins. Co., *supra.*

In 1971, Markoff filed a virtually identical suit against NYLIC, claiming his total disability entitled him to a waiver of premiums of the two life insurance policies. The suit was removed to the United States District Court by Defendant NYLIC. Summary judgment was granted in favor of NYLIC on the grounds that the issue of disability had been previously decided in the State district court and affirmed by the Nevada Supreme Court and that Markoff was collaterally estopped from attacking that judgment. Markoff v. New York Life Ins. Co., 369 F.Supp. 308 (D.Nev. 1973).

Markoff then filed the instant action, again attacking the judgment affirmed in Markoff v. New York Life Ins. Co., 88 Nev. 319, 497 P.2d 904 (1972). Although couched in terms of a conspiracy to defraud, Markoff's complaint is an attempt to avoid the prior judgments.

2. *Estoppel from Attacking Previously Rendered Judgment.*

By this action, Markoff is attempting to circumvent the prior judgments and relitigate his entitlement to the insurance proceeds. This action constitutes a collateral attack on the prior judgment, which is not countenanced by the traditional principles of *res adjudicata* and collateral estoppel. To hold otherwise would foster endless litigation, and any judgment would be forever and interminably subject to attack.

"In the landmark case of Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 122 P.2d 892[, 894] (Cal. 1942), Justice Traynor considered this question with regard to the doctrine of

res judicata. He wrote: 'The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. (Citations) The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (Citations) The doctrine also serves to protect persons from being twice vexed for the same cause. Ibid. It must, however, conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. (Citations)' " Paradise Palms Community Ass'n v. Paradise Homes, 89 Nev. 27, 30, 505 P.2d 596, 598 (1973).

In this case, it is abundantly clear that appellant has had a fair trial upon the merits of his claim for disability insurance benefits. The issues decided and affirmed at 88 Nev. 319 (1972) are predicated upon the same basic issues raised in the present action.

The order and judgments of the lower court are affirmed in all respects.