Tudor **CHIRILA**, Plaintiff—Appellant,

v.

Joseph **CONFORTE**, et al., Defendants,

and

Timothy Cripps, et al., Defendants—Appellees.

No. 00–16878.

D.C. No. CV–98–00449–ECR(PHA).

United States Court of Appeals, Ninth Circuit.

---

Submitted March 11, 2002 *.

Decided Sept. 20, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, CUDAHY ** and TASHIMA, Circuit Judges.

## MEMORANDUM ***

Tudor Chirila appeals the district court's dismissal of his second amended complaint for lack of personal jurisdiction over the defendants. The defendants here (the English defendants) are all subjects of the United Kingdom. Chirila argues that the district court had personal jurisdiction based on the "effects" test. Chirila additionally contends that the district court abused its discretion in denying him leave to amend his complaint. We affirm.

### I.

This court has jurisdiction under 28 U.S.C. § 1291. We review de novo whether Chirila has made a prima facie showing of jurisdictional facts. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995) (holding that a plaintiff's prima facie showing of jurisdictional facts is reviewed de novo).

### II.

This case arises out of the termination of Chirila from his position as President and sole director of A.G.E. Enterprises, Inc., and A.G.E. Corporation (collectively AGE). Interestingly enough, AGE owns and operates the Mustang Ranch, a brothel—legal in Nevada—located in Storey County, Nevada. On August 7, 1998, Chirila filed a complaint alleging various state law claims arising from his termination against AGE, the English defendants and Joseph Conforte and Eduardo Neves, two employees of AGE, who helped manage the Mustang Ranch. Chirila then amended the complaint under Rule 15(a) of the Federal Rules of Civil Procedure, which, of course, permits amendment without leave of the court. *See* Fed.R.Civ.P. 15(a). This first amended complaint added federal RICO claims against the same defendants. AGE then filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. In that motion, AGE's counsel wrote that the English defendants were at the same time making a "special appearance" to contest the sufficiency of service under Rules 12(b)(4) and 12(b)(5). However, no memorandum of points and authorities was submitted on behalf of the English defendants.

On September 24, 1999, the district court entered an order granting AGE's motion to dismiss as it related to the RICO claims. The court denied the motion to dismiss as it related to the sufficiency of service under Rules 12(b)(4) and 12(b)(5) because those issues had not been briefed. The district court allowed Chirila twenty days to file a second amended complaint to

---

** The Honorable Richard D. Cudahy, Senior Circuit Judge of the United States Court of Appeals for Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cure the deficiencies noted by the court, namely the failure to allege that his damages were proximately caused by the RICO predicate acts.

On October 5, Chirila filed his second amended complaint, which set forth various state law claims against the English defendants and against Conforte and Neves. AGE was dropped as a defendant at this stage. Chirila also filed an action along similar lines in state court.

On October 27, Chirila filed a notice of intent to enter in federal court a default judgment against the English defendants. Chirila asserted that the English defendants had made an appearance when they "joined" in AGE's motion to dismiss. Thereupon, the district court issued an order making clear that it had not ruled that the English defendants had made an appearance in the case. In November, the English defendants filed a motion under Rule 12(b)(2) to dismiss the second amended complaint for lack of personal jurisdiction. The district court granted that motion in August 2000 and Chirila appealed.

While this federal appeal was pending, the English defendants filed a motion to dismiss Chirila's state action for lack of personal jurisdiction. In January 2001, the state court granted this motion to dismiss, which was unopposed. Chirila then sought to set aside the dismissal order. The state court denied Chirila's motion on the grounds that Chirila had failed to establish both excusable neglect in not filing an opposition to the motion to dismiss and the existence of a meritorious defense to the motion. Since Chirila's state action has been dismissed, the English defendants now argue that res judicata (claim preclusion) precludes Chirila from raising the issue of personal jurisdiction in this federal appeal.

■ Whether claim preclusion bars litigation of personal jurisdiction is governed by the law of the forum, Nevada. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In Nevada, res judicata applies when there is identity of the parties and of the issues and when the issue has been litigated on the merits. *See Markoff v. New York Life Ins. Co.*, 92 Nev. 268, 549 P.2d 330, 332 (Nev.1976). In *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060 (9th Cir.1991), we held that a litigant who had lost on an issue of subject matter jurisdiction after full briefing could not relitigate the matter elsewhere. Unlike *Van Cauwenberghe*, however, the issue of jurisdiction in the case before us was not determined on the merits but by default, since the motion by the English defendants in the state court was unopposed. Thus, Chirila is not barred by res judicata from litigating the issue of personal jurisdiction on appeal here.

Chirila now argues that the English defendants waived their right to contest personal jurisdiction because they failed to raise this issue earlier in the motion by AGE to dismiss the first amended complaint. *See* Fed.R.Civ.P. 12(h)(1) (stating that failure to raise the issue of personal jurisdiction in the first responsive pleading constitutes a waiver of that issue). Chirila further contends that the English defendants' attempt to join in AGE's motion to dismiss constituted an appearance, and, since they failed to initially raise the defense of lack of personal jurisdiction, resulted in the English defendants waiving the personal jurisdiction defense. *See* Fed. R. Civ. Pro. 12(g) (stating that a moving party that fails to include an available defense, such as lack of personal jurisdiction, may not make a subsequent motion based on the same defense except as provided in Rule 12(h)(2)). Both arguments are unpersuasive.

842

■ Chirila failed to raise the argument of waiver by the English defendants in his brief opposing the 12(b)(2) motion, which claimed lack of personal jurisdiction. Thus, we need not consider this argument on appeal. *See Singleton v. Wuff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1488 n. 4 (9th Cir. 1995). Further, the English defendants did not make an appearance in federal court. The alleged attempt by the English defendants to join in the motion to dismiss was made by an attorney representing AGE but not representing the English defendants. An attempt to join a third party in a motion, which is made without the consent of the third party or of the third party's attorney does not constitute a joinder. Absent joinder, the English defendants did not make an appearance and, hence, did not waive the affirmative defense of lack of personal jurisdiction.

■ On the merits, however, the district court concluded that Chirila failed to make out a prima facie case that there was personal jurisdiction over the English defendants. Since Nevada's long-arm statute extends to the outer reaches of the Due Process Clause, a Nevada court may exercise personal jurisdiction over a defendant unless the exercise would violate due process. *See Trump v. Eighth Judicial Dist. Court,* 109 Nev. 687, 857 P.2d 740, 747 (Nev.1993); Nev.Rev.Stat. 14.065(1) (2002). As a constitutional matter, a court may exercise personal jurisdiction over a foreign defendant as a matter of general jurisdiction or as a matter of specific jurisdiction (jurisdiction as to specific acts or transactions). *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995).

Chirila concedes that the district court could not exercise general jurisdiction over the defendants. Chirila argues that there is specific jurisdiction because the English defendants have committed wrongful acts that have had an effect in Nevada, which is an application of the "effects" test. To demonstrate specific jurisdiction under the effects test, Chirila must show that: (1) the English defendants purposefully availed themselves of the benefits and protections of the laws of Nevada, (2) the plaintiff's claims arise out of the defendants' Nevada-related activities and (3) the exercise of jurisdiction would be reasonable. *Id.* To meet the purposeful availment requirement in a tort case, Chirila must allege an intentional action aimed at Nevada that causes harm that the English defendants should have anticipated would be suffered in Nevada. *Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1486 (9th Cir.1993). Chirila failed to make any such allegation.

In his second amended complaint, Chirila alleged that Conforte and Neves engaged in tortious acts with the knowledge and consent of the English defendants. The district court, however, in its thorough review of Chirila's allegations, correctly held that knowledge and consent—passive states of mind—do not constitute intentional acts directed at the forum state.

■ Chirila's final claim is that the English defendants conspired to terminate his employment, and submits that such an allegation of conspiracy is a sufficient prima facie showing of personal jurisdiction. There is a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal jurisdiction. Although it has been accepted by some courts, *see, e.g., McLaughlin v. Copeland,* 435 F.Supp. 513, 529–533 (D.Md.1977) (reviewing the history of and applying the theory), others have rejected it, *see, e.g., Gutierrez v. Givens,* 1 F.Supp.2d 1077, 1083 n. 1 (S.D.Cal.1998) (rejecting the theory), *Kipperman v. McCone,* 422 F.Supp. 860, 873 n. 14 (N.D.Cal.1976) (same). The use of the

theory has been criticized by commentators, *see, e.g.,* Ann Althouse, "The Use of Conspiracy Theory to Establish In Personam Jurisdiction," 52 Fordham L.Rev. 234 (1983), and we have rejected an analogous theory, *see Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 492 (9th Cir.1979) (rejecting a conspiracy theory of venue).

We last considered the conspiracy theory of personal jurisdiction in *Underwager v. Channel 9 Australia,* 69 F.3d 361, 364 (9th Cir.1995). We did not reach a conclusion then on the validity of a conspiracy theory of person jurisdiction because Underwager "allege[d] no facts to even suggest a conspiracy between" the in-state and out-of-state defendants. *Id.* Thus, even if the theory was good law, Underwager would not have prevailed in his appeal. We reach the same conclusion with respect to Chirila. As the district court found, the claim of conspiracy here is made in the most conclusory manner. "The cases are unanimous that a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough." *Stauffacher v. Bennett,* 969 F.2d 455, 460 (7th Cir.1992). Therefore, Chirila failed to make out a prima facie case that the district court could exercise personal jurisdiction over the English defendants.

■ Chirila's argument that the district court abused its discretion in denying him leave to amend his second amended complaint to address the personal jurisdiction deficiency is also unpersuasive. Although the district court did not grant Chirila an evidentiary hearing or preliminary discovery on the issue of personal jurisdiction, the court reviewed his complaint under a particularly lenient standard of review. *See Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir.1977) (holding that a plaintiff must merely make out a prima facie case to withstand a motion to dismiss for lack of personal jurisdiction where there has been no evidentiary hearing). The district court applied the correct standard for review to the complaint (i.e., the plaintiff was required to make out only a prima facie case) when it denied Chirila leave to amend his second amended complaint. Thus, Chirila has no special entitlement to amend his complaint beyond that routinely recognized.

Under the appropriate standard of abuse of discretion, the district court did not err. Chirila had earlier been permitted to amend his first amended complaint. Moreover, Chirila should have known that the lack of personal jurisdiction issue could be raised at a later point in the proceedings and should have known that he needed to state adequate facts in the complaint to support his contention, based on the effects test, that there was personal jurisdiction. Thus, the district court did not abuse its discretion in denying Chirila leave to amend his second amended complaint.

Because Chirila has failed to show that the English defendants made an appearance in district court and has otherwise failed to make out a prima facie case that the district court could exercise personal jurisdiction over the English defendants, there was no error in dismissing the second amended complaint for lack of personal jurisdiction.

AFFIRMED.